# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1021**
**CAF 14-00573**
PRESENT: CENTRA, J.P., PERADOTTO, CARNI, WHALEN, AND DEJOSEPH, JJ.

---

IN THE MATTER OF ERIE COUNTY DEPARTMENT OF
SOCIAL SERVICES, ON BEHALF OF MARIA C. TORRES,
PETITIONER-RESPONDENT,

                              V                         MEMORANDUM AND ORDER

VERNON MORRIS, JR., RESPONDENT-APPELLANT.
(APPEAL NO. 1.)

---

LOVALLO & WILLIAMS, BUFFALO (TIMOTHY R. LOVALLO OF COUNSEL), FOR
RESPONDENT-APPELLANT.

CHARLES J. GALLAGHER, JR., BUFFALO, FOR PETITIONER-RESPONDENT.

---------------------------------------------------------------------------------------------

Appeal from an order of the Family Court, Erie County (Deanne M. Tripi, J.), entered March 7, 2014 in a proceeding pursuant to Family Court Act article 4. The order found that respondent had willfully failed to obey an order of the court and sentenced respondent to six months of incarceration.

It is hereby ORDERED that said appeal from the order insofar as it found that respondent willfully disobeyed a support order is unanimously dismissed and the order is affirmed without costs.

Memorandum: "Because [n]o appeal lies from an order entered by consent upon the stipulation of the appealing party . . . , to the extent that respondent [father] challenges Family Court's order[s] confirming the willful violation[s], [appeal Nos. 1 and 2] must be dismissed" (*Matter of St. Lawrence County Support Collection Unit v Chad T.*, 124 AD3d 1032, 1033 [internal quotation marks omitted]). The father's contention in both appeals that the court erred in failing to cap his support arrears at $500 is raised for the first time on appeal and is thus not preserved for our review (*see Matter of Commissioner of Social Servs. v Turner*, 99 AD3d 1244, 1245). In any event, the father failed to establish that his income was below the federal poverty income guidelines when the arrears accrued, and we therefore decline to exercise our power to review his contention that his arrears should be capped (*see id.*).

Entered:   October 2, 2015                      Frances E. Cafarell
                                                Clerk of the Court